Jesse Siegel, representing Jermaine Jackson, is currently serving a 365-month term of imprisonment. I had intended to focus on two issues. Of course, I'm happy to take any questions on any issues. I was going to, first of all, address why the court should not enforce the appellate waiver and should address the merits of the appeal. And then I was also going to argue as to why attempted Hobbs Act robbery is not a crime of violence under Section 924C. Well, as to that second, I believe we have a case before ours that will rule on that issue. It's a McCoy case and it should be coming down fairly soon. So we're going to be bound by whatever the McCoy case says on that. Well, let's focus on the appellate waiver because we need to resolve that before it is clear whether we even get to the next issue. So why don't you proceed by focusing on that question? OK. So, first of all, the government concedes that to the extent the appeal argues that Mr. Jackson's plea was not entered voluntarily, that that is not precluded by the appellate waiver. So I don't think that merits any further discussion. We have argued that in our brief. And to briefly address that, which seems fairly clear, the district court, and in this case the magistrate court, was obligated to inform Mr. Jackson of certain things to ensure that his plea was entered voluntarily. Among those things was to inform him of the elements of the crime to which he was pleading guilty. And as we have noted, the plea was entered ultimately to causing death while brandishing and firing a gun during either a currency- And so 924J is causing a death in the course of a firearm-related offense under 924C. And then, in turn, 924C has predicate offenses, which would be the Hobbs Act robbery offense or maybe the conspiracy to commit the Hobbs Act robbery at the time. Now, didn't the court here describe the nature and the elements of the 924J offense by saying that it was predicated on a murder that took place during a crime of violence, which the magistrate judge identified as robbery? I mean, you're saying that the court has an obligation not only to describe the charge to which he's pleading, but then a predicate charge of that charge and a predicate charge of the predicate charge, which goes back several levels. I mean, why is that an obligation? Have we ever said that there's that kind of obligation on the part of the court? I don't know that the court has previously said that, but it seems fairly clear from the facts presented here that the court was required to do that. But if the underlying crime was one of violence, then haven't we held in Johnson that the fact that there was a wrong or a no charge doesn't really matter so long as that was so, because then there was enough said about that crime so that the waiver applies? Well, I don't think that would control here, Your Honor, because the fact of the matter is Mr. Jackson had a defense to the underlying crime during which this shooting took place. That is, the crime charged in count five, which was charged as a Hobbs Act robbery, and which not only did he have a defense to, in point of fact, he is not guilty of that and was not guilty of that. But wait a moment. Wait, wait, wait, wait a moment. He didn't have a defense to attempted Hobbs Act robbery, which is a lesser included offense for Hobbs Act robbery. I would agree with that. That is correct, but he wasn't. So if that was a crime of violence, then he had no defense against something that was a crime of violence, and he was informed of all that he needed to be informed, and therefore the waiver would apply. Well, once again, I guess we don't wind up getting to whether or not attempted Hobbs Act robbery is a crime of violence unless his plea was entered to that charge, I would assume. Hold on. Do you agree that our review for that issue is under plain error? I do agree with that. How could he have been substantially prejudiced, even if you ignore what the government said it would prove at the plea allocution, which was only attempted robbery? How could he have been prejudiced if he thought that the only thing he could be convicted of was a completed robbery? But actually, he could be convicted if the government proved less. How could his decision of whether to go to trial have been affected by that, particularly when the plea agreement saved him from a mandatory minimum term of 60 years? Well, I actually don't agree that that's in fact the case. However, he was in a position, based on a lot of prior cases, including Johnson, including cases that talk about the categorical approach, at that point, to make the decision that I can go to trial here. The government will not be able to prove that this shooting took place during a robbery. Therefore, the most the government will be able to prove is that the shooting took place during an attempted robbery. An attempted robbery will not qualify as a crime. Just to clarify, at the time of the agreement, it was still the law in the circuit that conspiracy to commit Hobbs Act robbery was a crime of violence, wasn't it? It was, but the case law, which ultimately the court relied upon in Barrett to find the conspiracy… That is correct, but an analysis at that time could have been, this law is going to change, based at least in part on the Supreme Court decision in Johnson, which predated… Counsel, I think you have two problems. One is that if we look at the law as it was then, you could have pledged to what you did, and you did plead to it, and you waived it. And while that may be erroneous, that may be possibly something we could do something about, when it is plain error, it's very hard to see the fundamental injustice that plain error claims for. The other possibility is that, in fact, what you were being charged with, that is, if this was an attempted robbery, if that attempted robbery is a crime of violence, then you wouldn't have anything to stand on either. So you have to make both points, and I'm having a little trouble seeing how you're doing it. Well, I think also the court should consider the role the government played, and decide whether or not this appellate waiver should not be strictly construed against the government under the circumstances here. First of all, the government brought these charges against Mr. Jackson, charging him in count five with a robbery and not an attempted robbery, when the government knew it was an attempted robbery. Attempted robbery is a lesser-included offense of robbery, so there's no argument in the case that the indictment was defective in some way for charging a Hobbs Act robbery, when the judge would have to instruct the jury that attempted Hobbs Act robbery is a lesser-included offense. That's correct, but the fact of the matter is the government didn't choose to charge him with an attempted robbery. You agree that the indictment was not defective because it charged Hobbs Act robbery, and the government could only prove attempted Hobbs Act robbery, because attempted Hobbs Act robbery is a lesser-included offense. And the government made it clear at the plea allocution that their evidence would show an attempted robbery. Well, I don't know that that renders the indictment defective. However, what it does is it sort of furthers the misinformation that both Mr. Jackson and Mr. Hobbs Act robbery were charged with. Well, I understand the court's hesitancy in that respect. But the government's responsibility for the error here goes beyond simply charging an offense, which it knew it could not sustain, but could only sustain a lesser-included offense. There was nothing that prevented the government from doing the correct offense, which would have been an attempted robbery. Because the court did submit a statement of reasons. So you're not arguing that any longer, is that correct? The fact that there was procedural error? That is correct, Your Honor, although I have to admit some sort of discomfort with the idea that a document that is not referenced anywhere that can be seen on appeal sort of buries that argument. However, I am aware that if I had responded to finding that out by saying, well, it's not part of the record, the government could have simply made it part of the record. So I think that that argument is not going anywhere, I would have to admit. Just to be clear on that, the statement of reasons wasn't docketed even under seal. There wasn't any reference to it in the public docket. It wasn't attached to any document that was filed on the public docket. So, in any event, yes, to the extent that the procedural reasonableness of the sentence relied on the court's failure to do that, the fact that the court did... I think we have that argument. Are there further questions from my colleagues? I have one other question on the attempted Hobbs Act robbery. The court recently decided Collier and said that attempted federal bank robbery is a crime of violence for purposes of 924C. Doesn't that eliminate even your attempted Hobbs Act robbery claim being not a crime of violence? No, I don't believe it does, although I hesitate to discuss the case in front of Judge Kodal since I know he was part of the panel on Collier. But Collier involved a different statute, 18 U.S.C. 2113A, dealing with attempted federal bank robbery, and that statute is simply different than the Hobbs Act robbery statute. Well, counsel, in any event, we do have a case that is sub judice right now on attempted Hobbs Act robbery and whether that is a crime of violence. So that is there. If that panel believes it is bound by Collier, that will be that. If that panel does not believe it is bound by Collier, that binds us. But we then see what that panel holds on this one. So I don't think that we really need to go further down that line. Okay, thank you. Thank you. Thank you, Mr. Segal. You reserve some time for rebuttal, so we'll hear from you again. But let's hear from the government. Mr. Cafferone. Good morning. I may please the court. My name is Chris Cafferone. I'm an assistant United States attorney for the Eastern District of New York, and I represent the United States. The court should affirm the judgment because, as your Honor just noted, the defendant pleaded guilty to a section 924 crime that was predicated on a valid crime of violence. Obviously, if the prior panel decides that attempted Hobbs Act robbery is a valid crime of violence, then we're bound by that. And any error in his plea was harmless because Jackson would have pleaded guilty regardless of the error as he negotiated a favorable disposition, which, as the court noted, subjected him to significantly reduced statutory penalties, both statutory mandatory minimum penalties that were applicable at the time of his plea, as well as statutory maximum penalties. And significantly, it reduced his guidelines range from a guidelines range of life to 292 to 365 months. And as the defendant just conceded in response to the court's question, he had no defense to the attempted Hobbs Act robbery, so there's nothing in the record to suggest that there's any fundamental injustice here. The defendant would have pleaded guilty regardless of whether he was advised of the attempted robbery. And as your Honor noted as well, this court's precedent is clear that so long as the underlying predicate crime of violence remains a valid predicate crime of violence after Johnson and his progeny, the 924C conviction stands, that that case was Dussard, and in that case, this court held that there was no plain error where a defendant's 924C conviction was based on a Hobbs Act robbery conspiracy as there was a narcotics charge that would have been a valid predicate. And noting that in that case, this court noted that the less than fastidious language in the plea agreement and a plea hearing, which specified the crime as a completed robbery, not a conspiracy. Here, as the court noted on a number of occasions, the record includes sufficient language here that put the defendant on notice as to the underlying crime of violence. Counsel, you are saying that we have a direct precedent that says that if there was, in this case, a crime of violence, because attempted robbery is a crime of violence, I'm saying that if we hold, we have a direct case that says that there is nothing to this. Correct. Correct, Your Honor. So that if it comes down, either it's called your kindness, or if a panel that is reviewing Hobbs Act comes down that way, that's the end of this case. There's really nothing else to be said. That's correct, Your Honor. If it were to come out the other way, if Hobbs Act, attempted Hobbs Act robbery were not a crime of violence, would the appeal waiver here not be known involuntary? No, the appeal waiver would still be knowing involuntarily because the standard for the voluntariness of the plea, as the court noted, was plain error, and the defendant simply cannot establish any kind of fundamental injustice. He cannot establish that but for whatever errors occurred during the plea allocution or during the plea hearing that he would not have pleaded guilty. It's clear that he negotiated a very favorable disposition. It's clear that he just noted that he had no defense to the charged crime, that he was pleading guilty, not because anyone forced him, but in fact he was guilty of this very serious offense. He was making that decision about whether to plead guilty in an environment in which conspiracy to commit Hobbs Act robbery was also a crime of violence under our precedence, and so does the fact that the legal environment is now different, does that affect the plain error analysis? It does not, Your Honor. What we should be looking at is whether the defendant had intended to plead guilty. He always intended to plead guilty. This defendant actually went into, so this was not just mere preparation. The defendant entered this convenience store armed with firearms with a co-conspirator. He held patrons and innocent civilians at gunpoint while his co-conspirator attempted to steal money from the cash register when one of those innocent civilians resisted and saying it was resistance is overstating it. It was very slight resistance that Mr. Lopez had done, and Mr. Jackson shot him once, and then as he was walking out of that convenience store, he shot him repeatedly, ultimately killing him. So this was not a situation where this defendant wouldn't have pleaded guilty otherwise, and I would note that these three points of acceptance and responsibility are significant in this case, because as I noted, the applicable guidelines range here was life in prison, and given the offenses for which the defendant committed, you don't get much more serious than killing an innocent civilian who was just trying to support his teenage daughter and his wife. In addition to that crime, he also had committed an armed robbery approximately a week before that as well. So the defendant was looking to avail himself of that three-point reduction on the guidelines to subject him to a significantly reduced guidelines range. In addition to negotiating that and getting those three points of acceptance off, he got the government to agree to dismiss the open six counts with prejudice. He also got the government to reduce the appellate waiver, which was tied to the upper guidelines range after two points, which was 405 months. He got the government to reduce that to 365 months, which was the top of the guidelines after the third point for acceptance. In addition, he got the government to agree not to seek an upward departure in this case, which could have been warranted given the serious nature of the offense and given the other crime for which he committed, but was not required to plead guilty. So there's just simply no fundamental injustice here. There's nothing in the record to suggest that the defendant would have done anything other than what he did, which is pleading guilty. And so we'd ask the court to affirm the conviction. David, I think you would have been subject to a 16-year mandatory minimum if he was convicted on all the counts in the indictment, right? But opposing counsel seems to dispute that. Could you just say briefly how you come to that conclusion? Yeah, sure. At the time of his plea, this was before the change in the law. So successive 924C convictions at the time carried mandatory 25-year sentences that had to run consecutive to any other sentence. So at the time of his plea, that law hadn't changed. It subsequently changed such that subsequent 924C convictions only carry whatever it is that the offense carries. So for example, if it was using a firearm during a crime of violence or a drug trafficking offense, that carries a five-year mandatory minimum, which would be required to run consecutive to any other sentence imposed. The 25-year consecutive sentence does not extend unless there was a prior conviction. It can't be from the same indictment. So if Mr. Jackson, unrelated to this case, had previously been convicted of a 924C conviction, then the subsequent 924C convictions in this case would carry the 25 years. That was the change in law. But that change in law did not occur until after his plea was entered. So that's why the 60-year mandatory minimum applied at the time of his guilty plea. It doesn't apply anymore, but it did apply at the time. And I would note as well, in addition to that, the statutory maximum was significantly reduced as a result of his plea bargaining. Instead of having three potential life sentences plus, I think there was some additional time after that as well, I don't know if it was 60 years or 80 years, he reduced that to one life sentence. So there was some significant reductions to the statutory penalties as well as the guidelines as well. And so for those reasons, we ask the court to affirm the conviction. And unless there's any other questions, we will rest on our papers. Thank you. If my colleagues don't have further questions, thank you, Mr. Cafferon. We'll turn back to Mr. Siegel for three minutes of rebuttal. Okay. Thank you. Thank you, Judge. First of all, with regard to that, I would note that the gun charge in count seven and the gun charge in count six were actually the same gun. So I would argue that even under the previous law, he would have faced a 10 plus 25, not 10 plus 25 plus 25. So that's the point I wanted to make there. With regard to Dussard or Dessard, the distinction there is that in Dessard, the defendant who had pled guilty to using a gun in connection with a Hobbs Act robbery conspiracy, the alternative theory was another charge that was explicitly in the indictment, which was the narcotics conspiracy. So he could have been convicted of that as an alternative. And I think the court did, in fact, put some emphasis on that. However, here, there was not a separate charge of an attempted robbery. There was only the robbery conviction. The government has argued previously that the conviction can stand because the facts were sufficient to establish the lesser included offense. However, while it's absolutely clear and we would not dispute that in the trial context, the government would have been free to ask the court to charge the lesser included. It would have required that and it would have required the court to do that. And none of the cases, nor the rules cited by the government, apply or look at whether or not the conviction can be sustained in a plea context. Rule 31C applies to jury verdicts and the case law cited by the government is inapposite for the reasons stated in our brief. With regard to the plain error analysis, I think the law is a little bit, it's not 100% clear that plain error has to be at the time of the plea as opposed to right now. And the error is plain right now. Under the court act, whether or not... Right. Well, Judge, I would just, in closing, just submit that should the Second Circuit, the court as a whole, find that attempted Hobbs Act robbery does not constitute a crime of violence for purposes of Section 924C, there would be a fundamental injustice for Mr. Jackson to... Stand convicted of causing death during an attempted Hobbs Act robbery. And once again, previously I had wanted to make the... I'm sorry. Yeah, you can make one final point, but then we're going to conclude. Right. So in terms of what happened during the plea, I would like to point out that the court made use of a standard plea form in which the government was asked to list the elements of the crime and listed the... And referred in the listing of the elements to committing the... Causing the death during a shooting committed during a robbery and not during an attempted robbery. And that would be found on the standard form, which is at page 819 in the appendix. All right. Thank you very much, Mr. Siegel. The case is submitted.